UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
CIVIL DIVISION

MONTGOMERY BEYER                    Civil Action # __1:02 CV 0441__
        Plaintiff,
                                    Judge __Wendell A. Miles__
v                                          Senior, U.S. District Judge

ALLIED COLLECTIONS.                 COMPLAINT AND
        Defendant.                  JURY DEMAND
                              /

Robert J. Albrecht (P58146)
Attorney for Plaintiff
1430 Michigan NE
Grand Rapids, MI 49503
(616) 456-8870
                              /

## COMPLAINT

Plaintiff states:

### Introduction

1.  This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 et seq., and the Michigan Collection Practices Act (State Act), MCLA 339.901 et seq., MSA 18.425 (901), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction and Parties

2.  Jurisdiction of this Court arises under 15 USC 1692k(d) and 28 USC 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 USC 1367.

3.  Plaintiff is a natural person residing in Kent County, Michigan.

4. Defendant is a corporation that is principally engaged in the business of collecting debts, with its principal place of business at PO Box 1799, Holland, Michigan, 49422.

## Factual Allegations

5. On or about April 21, 2000, Defendant sent a list of accounts allegedly owed by the Plaintiff. The total amount clamed by the Defendant was $795.16. A copy of this letter is attached as exhibit A.

6. During the period between March and August of 2000. Plaintiff paid a total of $583.01 to Defendant. During the same period, Plaintiff's insurance paid a total of $141.36 for a total of $724.37 leaving an alleged balance of $70.79. Of that $70.79 dollar balance Spectrum Health, as a Blue Cross/Blue Shied Provider, wrote off $44.64 as payment in full, leaving a balance of $26.15 for account number 518952. A copy of the checks written by Plaintiff and cashed by the Defendant is attached as Exhibit B. A copy of notification of insurance payment is attached as Exhibit C. Letters from Spectrum Health are attached as Exhibit D.

7. Although numerous attempts were made by the Plaintiff to have his account corrected (sending copies of the cancelled checks and payment amounts from Blue Cross and Blue Shield on at least five different occasions) the Defendant failed to due so or make any reasonable attempts to validate the debt, and as of January 2001, Plaintiff's account still reflected a balance of $92.00 as reported by the Defendant. Despite the fact that only an alleged balance at most could have been $26.15.

8. Of that alleged balance, account number 518952, ($26.15) cannot be verified by the original creditor, Spectrum Health Ventures, and although Plaintiff has requested that the Defendant cease attempts to collect on this debt, Plaintiff has been informed that if the Plaintiff fails to pay the $26.15 debt it will be reported on his credit report.

10. Defendant has made several phone calls to Plaintiff's home despite written notification to the contrary. (See Attached Exhibit E). <u>In addition Plaintiff received at least one phone call per day for two to three weeks from August to December of 2000.</u>

11. Defendant has made several phone calls to Plaintiff's place of employment despite written notification to the contrary. (See Attached Exhibit F)

12. As a result of acts alleged above, Plaintiff suffered actual damages, including emotional distress.

## Count I

14. Plaintiff incorporates by reference paragraphs 1 through 12.

15. Defendant violated the FDCPA. Defendant's violation includes, but are not limited to, the following:

    a. Defendant failed to properly and completely give the validation notice required by 15 USC 1692g.

    b. Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt as required by 15 USC 1692f.

    c. Defendant falsely misrepresented the character, amount, or legal statue of a alleged debt in violation of 15 USC 1692e.

    d.    Defendant has continued to initiate communication with the Plaintiff after Plaintiffs repeated requests in writing to cease communication in violation of 15 USC 1692c (C).

    e.    Defendant has contacted Plaintiff place of employment after being told by Plaintiff that his employer prohibits such communications in violation of 15 USC 1692c.

    f.    Defendant has failed to conduct a reasonable investigation to verify Plaintiff's alleged debts despite frequent requests to do so in violation of 15 USC 1692.

    g    Defendant has engaged in conduct of which the natural consequence is to harass, oppress or abuse the Plaintiff in violation of 15 USC 1692d.

16. As a result of Defendant violations of the FDCPA, Plaintiff suffered actual damages, including emotional distress, and is entitled to an award of statutory damages, costs, and attorney fees.

## Count II

17. Plaintiff incorporates by reference paragraphs 1 through 12.

18. Defendant violated the State Act. Defendant's violations include, but are not limited to, the following:

    a.    Defendant failed to properly and completely give the validation notice required by MCLA 339.918, MSA 18.425 (918).

    b.    Defendant's inaccurate, misleading, untrue and deceptive statement in their attempts to collect the alleged debt in violation of MCLA 339.915(e), MSA 18.425(915)[e]

19. As a result of Defendant's willful violations of the State Act, Plaintiff suffered actual damages, including emotional distress, and is entitled to an award of treble damaged, statutory damages, costs and attorney fees.

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

   a. actual damages and statutory damages of $1,000 pursuant to the FDCPA

   b. treble damages or $150, whichever is greater, pursuant to the State Act

   c. costs and reasonable attorney fees pursuant to 15 USC 1692k and MCLA 339.916(2), MSA 18.425(916)[2]

Dated: 5/27, 2002

Respectfully submitted,

_____
Robert J. Albrecht (P58146)
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 5/27/02

_____
Robert J. Albrecht (P58146)
Attorney for Plaintiff
1430 Michigan NE
Grand Rapids, MI 49503
(616) 456-8870